UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN M. COOPER, | No. 2:14-cv-1406 DAD P |
| Petitioner, | |
| v. | <u>ORDER</u> and |
| COUNTY OF PLACER, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Respondent. | |

Petitioner, a Placer County Jail inmate proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

The petition suffers from at least two deficiencies. First, petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a). However, for the following reasons, the court will not require petitioner to satisfy either requirement in order to commence this action.

The second, and fatal, deficiency with the petition before the court is that it is clear from the face of that petition that petitioner has not exhausted his claims by presenting them first to the highest state court, as is required before seeking federal habeas relief.

////

1

See 28 U.S.C. § 2254(b)(1).[1]  A petitioner satisfies the exhaustion requirement by providing the state's highest court with a full and fair opportunity to consider all claims before presenting them to a federal court.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir.2008); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents them to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Petitioner is seeking to challenge judgment of convictions[2] entered by the Placer County Superior Court (or possibly the Sacramento County Superior Court) on September 9, 2013, and a sentence imposed on "July 8." (ECF No. 1 at 2.)  Significantly, petitioner answered "No" to the form petition's question, "Did you appeal from the conviction, sentence, or commitment?" (Id. at 5.)  Petitioner also answered "No" to the form petition's question whether he had sought any relevant state collateral review.  (Id. at 6.)

This court is authorized to dismiss a petition for writ of habeas corpus when the failure to exhaust state remedies is clear on the face of the petition.  The Rules Governing Section 2254 Cases in the United States District Courts, Rule 4, authorizes a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Because it plainly appears from the face of the petition that petitioner has failed to exhaust his claims by presenting them first to the highest state court as required, the undersigned will recommend that this action be dismissed without prejudice to petitioner filing a new federal habeas action once he has properly exhausted his claims by

---

[1] A federal petition may be denied on the merits without exhaustion of state court remedies.  See 28 U.S.C. § 2254(b)(2).

[2] Petitioner states that he was convicted for violations of California Vehicle Code § 10851 (theft and unlawful driving or taking of a vehicle), and California Penal Code § 496d (knowingly obtaining, concealing, selling or withholding from the owner, a vehicle, trailer, construction equipment or vessel known to be stolen).  (ECF No. 1 at 2.)

presenting them through to the California Supreme Court.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255). Any response to the objections shall be served and filed within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 19, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
coop1406.101a + 104

---

[3] Petitioner is cautioned, however, that the federal habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).